IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW VANDERVEEN, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JWANNA Y. GILZEANE and RONALD | ) | |
| R. GILZEANE, Wife and Husband, | ) | |
| RONGIL TRANSPORTATION, LLC a | ) | |
| Georgia Corporation; | ) | |
| | ) | |
| FREEDOM FUNDING AND LEASING, | ) | |
| INC., a Georgia Corporation; | ) | |
| | ) | |
| | ) | NOTICE OF REMOVAL |
| R+L CARRIERS, INC., an Ohio | ) | |
| Corporation; R+L TRANSFER, INC., an | ) | |
| Ohio Corporation, GREENWOOD | ) | |
| MOTOR LINES, INC., a South Carolina | ) | |
| Corporation; | ) | |
| | ) | |
| AMERICAN TRANSPORTATION | ) | |
| SERVICES, LLC, a Florida Corporation, | ) | |
| and PARAMOUNT FREIGHT SYSTEMS, | ) | |
| LLC, an Ohio Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants Jwanna Y. Gilzeane, Ronald R. Gilzeane, Rongil
Transportation, LLC, Freedom Funding and Leasing, Inc., R+L Carriers, Inc., R+L Transfer,
Inc., Greenwood Motor Lines, Inc., and American Transportation Services, and pursuant to 28
U.S.C. § 1446(a), hereby allege:

1.    That the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between citizens of different states.

2.    That this action is one of a civil nature over which the United States District Court
has original jurisdiction founded on the laws of the United States as set forth in 28 U.S.C. §
1441(a).

3.    That this court has original jurisdiction under 28 U.S.C. § 1332.

4.      That by this pleading, Jwanna Y. Gilzeane, Ronald R. Gilzeane, Rongil Transportation, LLC, Freedom Funding and Leasing, Inc., R+L Carriers, Inc., R+L Transfer, Inc., Greenwood Motor Lines, Inc., and American Transportation Services consent to and join in the removal from state court to the United States District Court.

5.      Attached to this notice are copies of process, pleadings, and orders served upon these defendants.

WHEREFORE, the defendants and petitioners pray that the above-captioned action now pending in the District Court of Scotts Bluff County, Nebraska, be tried and determined in the United States District Court in Lincoln, Lancaster County, Nebraska.


DEMAND FOR TRIAL


The defendants hereby demand that trial in the above-captioned action be held in Lincoln, Nebraska, and further demand that trial be had to a jury.


JWANNA Y. GILZEANE, RONALD R. GILZEANE, RONGIL TRANSPORTATION, LLC, R+L CARRIERS, INC., R+L TRANSFER, INC., GREENWOOD MOTOR LINES, INC., AMERICAN TRANSPORTATION SERVICES, LLC, PARAMOUNT FREIGHT SYSTEMS, LLC, and FREEDOM FUNDING AND LEASING, INC., Defendants

By:     Baylor, Evnen, Curtiss, Grimit & Witt, LLP
        1248 "O" Street, Suite 600
        Lincoln, NE  68508
        402/475-1075


By:     /s/Stephen S. Gealy_____
        Stephen S. Gealy, #17051

COPY

IN THE DISTRICT COURT OF SCOTTS BLUFF COUNTY, NEBRASKA

| | |
|---|---|
| ANDREW VANDERVEEN,                           ) | CASE NO: CI 13-_____ |
| )  | |
| Plaintiff,                          ) | |
| ) | |
| vs.                                          ) | **COMPLAINT AND REQUEST FOR** |
| )  | **JURY TRIAL** |
| JWANNA Y. GILZEANE, and RONALD R.            ) | |
| GILZEANE, Wife and Husband,                  ) | |
| RONGIL TRANSPORTATION, LLC a                 ) | |
| Georgia Corporation;                         ) | |
| ) | |
| FREEDOM FUNDING AND LEASING, INC.,           ) | |
| a Georgia Corporation,                       ) | |
| ) | |
| R & L CARRIERS, INC., an Ohio Corporation    ) | |
| R & L TRANSFER, INC., an Ohio Corporation    ) | |
| GREENWOOD MOTOR LINES, INC., a               ) | |
| South Carolina Corporation,                  ) | |
| ) | |
| AMERICAN TRANSPORTATION SERVICES             ) | |
| LLC., a Florida Corporation                  ) | |
| and PARAMOUNT FREIGHT SYSTEMS, LLC,          ) | |
| an Ohio Corporation;                         ) | |
| ) | |
| Defendants.                         ) | |

COMES NOW the plaintiff, ANDREW VANDERVEEN and for his causes of action against the defendants above-named, states, alleges and avers as follows:

1. Andrew Vanderveen at all times relevant was a resident of Scotts Bluff County, Nebraska.   Hereinafter referred to as the "PLAINTIFF" unless otherwise set forth.

2. At the time of the crash herein, Andrew Vanderveen, was nineteen years old;

3. The defendant Jwanna Y. Gilzeane at the times relevant to the acts herein was a resident of Jonesboro, Georgia;

4. The defendant Ronald R. Gilzeane at the times relevant to the acts herein was a resident

Page 1 of 25

E-FILED
12/17/13

of Jonesboro, Georgia;

5.    Defendants Ronald R. Gilzeane and Jwanna Y. Gilzeane at all times relevant herein were
      husband and wife;

6.    Rongil Transportation, LLC is a Georgia Corporation (hereinafter Rongil Tranportation)
      At all times relevant herein Rongil Transportation, LLC was wholly owned by Ronald
      and Jwanna Gilzeane.

7.    Ronald and Jwanna Gilzeane were employees of Rongil Transportation, LLC;

8.    Ronald and Jwanna Gilzeane were agents of Rongil Transportation, LLC;

9.    Freedom Funding and Leasing Inc., is a Georgia Corporation.  Its registered agent is
      Chester J. Hosch, 1100 Peachtree St, N.E. Ste 800, Atlanta, GA 30309.  Its principal
      place of business is in Macon, Georgia;

10.   At all times relevant herein Freedom Funding and Leasing, Inc., was the legal owner of a
      2005 Volvo Semi-Tractor VIN 4V4NC9GH1SN392286.  The Georgia Title to the 2005
      Volvo states that the Owner is Freedom Funding and Leasing, Inc;

11.   Defendant Rongil Transportation, LLC at all times relevant herein claimed to be the
      owner of a 2005 Volvo Semi-Tractor VIN 4V4NC9GH1SN392286.

12.   Defendant Rongil Transportation, LLC and defendant Ronald Gilzeane were leasing  the
      2005 Volvo Semi-Tractor from Freedom Funding and Leasing, Inc.;

13.   The Georgia IRP Apportioned Cab Card (commercial motor vehicle registration) for the
      2005 Volvo show Ronald Gilzeane as the Registrant, Rongil Transportation, LLC as the
      Carrier, and Freedom Funding and Leasing, Inc., as the Owner;

14.   The defendant Paramount Freight Systems, L.L.C..  Its registered agent is Jeffrey C.
      Wade, 600 Gillam Road, Wilmington, OH 45177.  Its principal place of business is in
      Wilmington, OH (hereinafter Paramount Freight);

15.   The defendant American Transportation Services, L.L.C., is a Florida Limited Liability
      Corporation with its registered agent and principal place of business located at Ralph L.
      Roberts, Sr., at 600 Gillam Road, Wilmington, OH 45177 (hereinafter American
      Transportation);

16.   Paramount Freight is a wholly owned subsidiary of American Transportation;

17.   The defendant R & L Carriers, Inc., is an Ohio Corporation.  Its registered agent is Ralph
      L. Roberts, 2483 State Rte 3, Wilmington, OH 45177.  Its principal place of business is in
      Wilmington, OH (hereinafter R & L Carriers)

18.   The defendant R & L Transfer, Inc., is an Ohio Corporation.  Its registered agent is Ralph
      L Roberts, SR., 600 Gillam Rd, Wilmington, OH 45177.  Its principal place of business is
      in Wilmington, OH (hereinafter R & L Transfer);

19.   The defendant Greenwood Motor Lines, Inc., is a South Carolina Corporation.  Its
      registered agent is CT Corporation System, 2 Office Park Court, Ste 103, Columbia, SC
      29223.  Its principal place of business is in South Carolina  (hereinafter Greenwood
      Motor Lines);

20.   Both R & L Transfer and Greenwood Motor Lines are wholly owned subsidiaries of R &
      L Carriers, Inc.,

21.   There is no common parent corporation between R & L Carriers, Inc., and American
      Transportation Services, LLC.  R & L Carriers, Inc., and American Transportation
      Services, LLC have some, but not all, of the same owners, and some, but not all, of the
      same stockholders;

22.   Defendant Rongil Transportation at all times relevant herein leased the 2005 Volvo Semi-
      Tractor to Paramount Freight via a written lease agreement;

23.   Ronald Gilzeane signed the written lease agreement between Rongil Transportation and
      Paramount Freight as the agent of Rongil Transportation;

24.   That on or about December 23, 2009 at 1905 hours  Kenneth J. Vanderveen was
      operating a 2000 Pontiac Sunfire Four Door Sedan eastbound on Interstate 80, near
      milepost 303,  near Grand Island, in Hall County, Nebraska. Plaintiff Andrew
      Vanderveen is the son of the decedent.  Plaintiff was a passenger in the front seat of the
      Pontiac. Kelli Vanderveen, is the fifteen year old daughter of the decedent.  Kelli
      Vanderveen was a rear seat passenger in the Pontiac. The Vanderveen children were on
      their way to Lincoln, Nebraska to visit their mother;

25.   That at the same time Jwanna Y. Gilzeane as the driver, and Ronald Gilzeane as co-driver
      were operating the 2005 Volvo Semi-Tractor westbound on Interstate 80 near the same

location;

26.     The decedent, Kenneth J. Vanderveen was mortally wounded when driver Jwanna
        Gilzeane negligently lost control of the Volvo Semi-Tractor and R & L Transfer Trailer
        which left the paved surface of the roadway, entered the median separating the westbound
        and eastbound lanes of Interstate 80, and continued on into the eastbound lanes of
        Interstate 80. The 2005 Volvo Semi-Tractor and Trailer rolled on top of the decedent's
        vehicle which was proceeding eastbound on Interstate 80. The Semi-Tractor came to rest
        on top of and smashing the decedent's vehicle. The crash resulted in Kenneth J.
        Vanderveen's death;

27.     The driver co-owner Jwanna Gilzeane was westbound on Interstate 80 and in the passing
        lane when she lost control of the Volvo semi-tractor and R & L Transfer trailer.

28.     At the time of the crash the roadway surface was icy. A winter storm warning was in
        effect for the area of the crash during the time of the crash. The road conditions were
        snow packed and icy. At the time of the crash, defendant Jwanna Gilzeane was following
        other vehicles in her lane far too closely. Furthermore, Jwanna Gilzeane had driven in
        the conditions for many miles. She had ample notice of the poor conditions. She should
        have parked her commercial motor vehicle many miles prior, likely hundreds of miles
        prior, and waited for the conditions to improve;

29.     The 2005 Volvo Semi-tractor at the time of the crash was pulling a semi-trailer owned by
        R & L Transfer which was a 2000 Strick Trailer VIN 1S1258480YE458462. R & L
        Transfer was leasing the 2000 Strick Trailer to Greenwood Motor Lines, Inc via a written
        lease agreement. The sides of the R & L Transfer trailer, and the rear of the Trailer, have
        the name R + L Carriers.

30.     At the time of the crash herein the 2000 Strick Trailer was hauling a load that had been
        obtained and scheduled for delivery by Paramount Freight pursuant to a written bill of
        lading. Rongil Transportation was instructed by Paramount Freight to hook the 2005
        Volvo semi-tractor to the trailer (which said R & L Carriers on its side and rear) and
        deliver the load for Paramount;

31.     R & L Carriers, and/or R & L Transfer, and/or Greenwood Motor Lines had loaned or

leased its 2000 Strick Trailer to Paramount Transportation. There was no written lease agreement between R & L Carriers, nor R & L Transfer, nor Greenwood Motor Lines and Paramount Transportation for the 2000 Strick Trailer. The agreement to use the trailer was verbal. The loan or lease agreement for Paramount Transportation's Agent, Rongil Transportation, to pull the 2000 Strick Trailer was verbal.

32. Paramount Transportation had authority to broker a load using the 2000 Strick Trailer;

33. R & L Carriers, and/or R & L Transfer, and/or Greenwood Motor Lines and/or American Transportation Services, and/or Paramount Transportation and/or Rongil Transportation, and/or Ronald Gilzeane were all engaged in a joint venture;

34. For work performed during 2009 Jwanna Gilzeane, as a result of hauling loads with the 2005 Volvo semi-tractor, received 1099 income forms from Paramount Freight;

35. For work performed during 2009 Ronald Gilzeane, as a result of hauling loads with the 2005 Volvo semi-tractor, received 1099 income forms from Paramount Freight;

36. For work performed during 2009 Rongil Transportation, as a result of hauling loads with the 2005 Volvo semi-tractor, received 1099 income forms from Paramount Freight;

37. Paramount Freight is an Agent for its parent corporation, American Transportation;

38. R & L Transfer is an Agent for its parent corporation, R & L Carriers, Inc.,;

39. Greenwood Motor Lines, Inc., is an Agent for its parent corporation, R & L Carriers, Inc.,

40. Jwanna Gilzeane is an agent for Rongil Transportation;

41. Ronald Gilzeane is an agent for Rongil Transportation;

42. Rongil Transportation is an agent for Paramount Transportation;

43. Rongil Transportation and Ronald Gilzeane are agents for Freedom Funding and Leasing;

44. Paramount Transportation is an agent for R & L Carriers, and/or R & L Transfer, and/or Greenwood Motor Lines;

45. Defendants Freedom Funding and Leasing, R & L Carriers, R & L Transfer, Greenwood Motor Lines, American Transportation Systems, Paramount Freight, Rongil Transportation, and Ronald Gilzeane are jointly and severally liable for the negligence of Jwanna Gilzeane;

46. Plaintiff Andrew Vanderveen received personal injuries in the motor vehicle crash.

Plaintiff Andrew Vanderveen observed his father perish in the crash. Plaintiff Andrew Vanderveen tried to assist his father, and his sister, Kelli Vanderveen, in the aftermath of the crash. Kelli Vanderveen was trapped in the rear seat of the car, was screaming, and suffering from severe burns from hot engine fluids and diesel fuel coming from the semi-truck. Plaintiff Andrew Vanderveen held his father's hand in the aftermath of the crash during which time his father passed away from mortal injuries he received.

### FIRST CAUSE OF ACTION - ORDINARY NEGLIGENCE

47.   Plaintiff reaffirms the allegations set forth above;

48.   The sole, direct, and proximate cause of the crash and resulting injuries and death to Kenneth J. Vanderveen was negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

   a.   In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

   b.   In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

   c.   Driving too fast for the conditions then and there existing. Thereby violating Neb. Rev. Stat. 60-6,185;

   d.   Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

   e.   Reckless driving. Thereby violating Neb. Rev. Stat. 60-6,213;

   f.   In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

   g.   In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

   h.   In driving in the median. Thereby violating Neb. Rev. Stat. 60-6,141.

   i.   Driving the wrong way in the eastbound lanes of traffic;

   j.   In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.  In failing to comply with the requirements set forth for all motor vehicles;

l.  In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.  Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska. Thereby violating Neb. Rev. Stat. 28-306;

n.  Causing a fatality through the operation of a commercial motor vehicle. Thereby violating Neb. Rev. Stat. 60-4,168.

o.  Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116;

p.  Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.  Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

49.  As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.  the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.  the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.  The reasonable value of the (earning capacity, business or employment opportunities the plaintiff is reasonable certain to lose in the future.

d.   The reasonable value of obtaining substitute domestic services;

e.   the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.   the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.   The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future (losses include lost time with parent(s), extracurricular, school, and other activities;

h.   the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.   Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

## SECOND CAUSE OF ACTION - AGENCY

50.   Plaintiff reaffirms the allegations set forth above;

51.   That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane was the agent and/or employee of her principals Ronald Gilzeane and Rongil Transportation. Ronald Gilzeane was an agent of his principal, Rongil Transportation. Ronald Gilzeane and Rongil Transportation were agents of their principal, Freedom Funding and Leasing. Rongil Transportation was an agent of its principal, Paramount Transportation. Paramount Transportation was an agent of its principal, American Transportation Services. Paramount Transportation was an agent for its principals R & L Carriers, and/or R & L Transfer and/or Greenwood Motor Lines. Greenwood Motor Lines was an agent for its principals R & L Transfer and R & L Carriers. R and L Transfer was an agent for its principal R and L Carriers;

52.   At the time of the crash on December 23, 2009 that all agents set forth above were acting within the scope of his/her/its authority for the principals;

53.   The sole, direct, and proximate cause of the crash and resulting injuries was the

Page 8 of 25

negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

a.   In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

b.   In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

c.   Driving too fast for the conditions then and there existing.  Thereby violating Neb. Rev. Stat. 60-6,185;

d.   Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

e.   Reckless driving.  Thereby violating Neb. Rev. Stat. 60-6,213;

f.   In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

g.   In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

h.   In driving in the median.  Thereby violating Neb. Rev. Stat. 60-6,141.

i.   Driving the wrong way in the eastbound lanes of traffic;

j.   In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.   In failing to comply with the requirements set forth for all motor vehicles;

l.   In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.   Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska.  Thereby violating Neb. Rev. Stat. 28-306;

n.   Causing a fatality through the operation of a commercial motor vehicle.  Thereby violating Neb. Rev. Stat. 60-4,168.

o.   Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.   Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.   Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

54.   As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.   the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.   the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.   The reasonable value of the (earning capacity, business or employment opportunities the plaintiff is reasonable certain to lose in the future.

d.   The reasonable value of obtaining substitute domestic services;

e.   the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.   the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.   The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future

(losses include lost time with parent(s), extracurricular, school, and other activities;

h.      the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.      Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

### THIRD CAUSE OF ACTION - LEASE LIABILITY

55.      Plaintiff reaffirms the allegations set forth above;

56.      That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane, Ronald Gilzeane, Rongil Transportation, Freedom Funding and Leasing. Paramount Transportation, American Transportation Services, R & L Carriers, R & L Transfer and/or Greenwood Motor Lines were engaged in various commercial leases, either verbally or in writing, for a 2005 Volvo Semi-tractor and 2000 Strick Trailer.

57.      Pursuant to *Neb. Rev. Stat.* 25-21,239 in relevant part that at the time of the crash herein on December 23, 2009 that the owner of any truck, truck-tractor, whether with or without a trailer, or trailer, leased for a period of less than thirty days or leased for any period of time and used for commercial purposes, shall be jointly and severally liable with the lessee and the operator thereof for any injury to or the death of any person or persons, or damage to or the destruction of any property resulting from the operation thereof in this state;

58.      At the time of the crash on December 23, 2009 that all agents set forth above were acting within the scope of his/her/its authority for the principals;

59.      The sole, direct, and proximate cause of the crash and resulting injuries was the negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

a.      In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

b.   In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

c.   Driving too fast for the conditions then and there existing.  Thereby violating Neb. Rev. Stat. 60-6,185;

d.   Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

e.   Reckless driving.  Thereby violating Neb. Rev. Stat. 60-6,213;

f.   In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

g.   In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

h.   In driving in the median.  Thereby violating Neb. Rev. Stat. 60-6,141.

i.   Driving the wrong way in the eastbound lanes of traffic;

j.   In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.   In failing to comply with the requirements set forth for all motor vehicles;

l.   In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.   Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska.  Thereby violating Neb. Rev. Stat. 28-306;

n.   Causing a fatality through the operation of a commercial motor vehicle.  Thereby violating Neb. Rev. Stat. 60-4,168.

o.   Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road.  Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.   Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.   Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia

Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

60.    As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.    the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.    the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.    The reasonable value of the (earning capacity, business or employment opportunities the plaintiff is reasonable certain to lose in the future.

d.    The reasonable value of obtaining substitute domestic services;

e.    the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.    the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.    The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future (losses include lost time with parent(s), extracurricular, school, and other activities;

h.    the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.    Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

### FOURTH CAUSE OF ACTION - PIERCING THE CORPORATE VEIL

61.   Plaintiff reaffirms the allegations set forth above;

62.   That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane, Ronald Gilzeane, Rongil Transportation, Freedom Funding and Leasing. Paramount Transportation, American Transportation Services, R & L Carriers, R & L Transfer and/or Greenwood Motor Lines were engaged in various commercial leases, either verbally or in writing, for a 2005 Volvo Semi-tractor and 2000 Strick Trailer and commercial trucking enterprises;

63.   Plaintiff's claims herein pierce the corporate veil and the individual stockholders and/or directors of the above corporations are personally liable for the damages herein;

64.   One or more of the corporations above at the time of formation had grossly inadequate capitalization;

65.   One or more of the corporations above at the time of Kenneth Vanderveen's wrongful death or at the time of the judgment herein were insolvent at the time the debt was incurred;

66.   One or more of the corporations is a mere facade for personal dealings with a shareholder and that operations of corporation are carried on by shareholder in disregard corporate identity;

67.   The sole, direct, and proximate cause of the crash and resulting injuries was the negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

   a.   In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

   b.   In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

   c.   Driving too fast for the conditions then and there existing. Thereby violating Neb.

Rev. Stat. 60-6,185;

d.    Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

e.    Reckless driving. Thereby violating Neb. Rev. Stat. 60-6,213;

f.    In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

g.    In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

h.    In driving in the median. Thereby violating Neb. Rev. Stat. 60-6,141.

i.    Driving the wrong way in the eastbound lanes of traffic;

j.    In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.    In failing to comply with the requirements set forth for all motor vehicles;

l.    In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.    Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska. Thereby violating Neb. Rev. Stat. 28-306;

n.    Causing a fatality through the operation of a commercial motor vehicle. Thereby violating Neb. Rev. Stat. 60-4,168.

o.    Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.    Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.    Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

68.  As a proximate result of the aforesaid negligent acts of omission and commission by all
of the above-named defendants: the plaintiff sustained the following injuries and damages
for which each defendant is jointly and severally liable:

    a.  the reasonable value of medical (hospital, nursing, and similar care and
supplies reasonably needed by and actually provided to the plaintiff (and
reasonably certain to be needed and provided in the future.  Past, present
and future medical costs;

    b.  the wages, salary, profits, reasonable value of the working time, business
the plaintiff has lost because of his inability and diminished capacity to
work;

    c.  The reasonable value of the (earning capacity, business or employment
opportunities the plaintiff is reasonable certain to lose in the future.

    d.  The reasonable value of obtaining substitute domestic services;

    e.  the reasonable monetary value of the physical pain and mental suffering
and emotional distress the plaintiff has experienced and is reasonably
certain to experience in the future;

    f.  the reasonable monetary value of the inconvenience the plaintiff has
experienced and is reasonably certain to experience in the future;

    g.  The reasonable monetary value of loss of society and companionship
suffered by the plaintiff and reasonably certain to be suffered in the future
(losses include lost time with parent(s), extracurricular, school, and other
activities;

    h.  the reasonable monetary value of any humiliation the plaintiff has
experienced and is reasonably certain to experience in the future;

    i.  Such general and further damages as allowed by law and are just and
equitable, costs of this action and attorneys fees as allowed by law;

### FIFTH CAUSE OF ACTION - JOINT VENTURE

69.  Plaintiff reaffirms the allegations set forth above;

70.  That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane was

engaged in joint venture with Ronald Gilzeane and Rongil Transportation. Ronald
Gilzeane was engaged in a joint venture with, Rongil Transportation. Ronald Gilzeane
and Rongil Transportation were engaged in a joint venture with, Freedom Funding and
Leasing. Rongil Transportation was engaged in a joint venture with Paramount
Transportation. Paramount Transportation was engaged in a joint venture with, American
Transportation Services. Paramount Transportation was engaged in a joint venture with
R & L Carriers, and/or R & L Transfer and/or Greenwood Motor Lines. Greenwood
Motor Lines was engaged in a joint venture with R & L Transfer and R & L Carriers. R
and L Transfer was engaged in a joint venture with R and L Carriers;

71.   At the time of the crash on December 23, 2009 one or more, or all of the following were
engaged in a joint venture: Jwanna Gilzeane, Ronald Gilzeane, Rongil Transportation,
Freedom Funding and Leasing. Paramount Transportation, American Transportation
Services, R & L Carriers, R & L Transfer and/or Greenwood Motor Lines

72.   At the time of the crash on December 23, 2009 that one or more, or all of the defendants
were acting within the ordinary course of the business activity/undertaking of the joint
venture;

73.   The sole, direct, and proximate cause of the crash and resulting injuries was the
negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and
trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to
Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose
negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following
particulars is imputed to the aforementioned defendants:

a.    In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

b.    In failing to have the semi-tractor and trailer being operated by her under proper
and reasonable control;

c.    Driving too fast for the conditions then and there existing. Thereby violating Neb.
Rev. Stat. 60-6,185;

d.    Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

e.    Reckless driving. Thereby violating Neb. Rev. Stat. 60-6,213;

f.   In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

g.   In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

h.   In driving in the median. Thereby violating Neb. Rev. Stat. 60-6,141.

i.   Driving the wrong way in the eastbound lanes of traffic;

j.   In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.   In failing to comply with the requirements set forth for all motor vehicles;

l.   In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.   Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska. Thereby violating Neb. Rev. Stat. 28-306;

n.   Causing a fatality through the operation of a commercial motor vehicle. Thereby violating Neb. Rev. Stat. 60-4,168.

o.   Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.   Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.   Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

75.   As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.  the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.  the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.  The reasonable value of the (earning capacity, business or employment opportunities the plaintiff is reasonable certain to lose in the future.

d.  The reasonable value of obtaining substitute domestic services;

e.  the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.  the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.  The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future (losses include lost time with parent(s), extracurricular, school, and other activities;

h.  the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.  Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**SIXTH CAUSE OF ACTION**

76.  Plaintiff reaffirms the allegations set forth above;

77.  That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane was engaged in reckless and intentional conduct with all named defendants including but not limited to Ronald Gilzeane and Rongil Transportation, Freedom Funding and Leasing,

Paramount Transportation, R & L Carriers, Greenwood Motor Lines, R & L Transfer

78. Jwanna Gilzeane had inadequate training, experience, skill, and supervision to operate a commercial motor vehicle;

79. Ms Gilzeane's conduct in her method of operation of the commercial motor vehicle was outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized manner;

80. That this conduct cased the plaintiff emotional distress so severe that a reasonable person should be expected to endure it;

81. The sole, direct, and proximate cause of the crash and resulting injuries was the negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

   a. In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

   b. In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

   c. Driving too fast for the conditions then and there existing. Thereby violating Neb. Rev. Stat. 60-6,185;

   d. Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

   e. Reckless driving. Thereby violating Neb. Rev. Stat. 60-6,213;

   f. In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

   g. In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

   h. In driving in the median. Thereby violating Neb. Rev. Stat. 60-6,141.

   i. Driving the wrong way in the eastbound lanes of traffic;

   j. In operating a vehicle which was not in a safe condition or adequate state of repairs;

k.    In failing to comply with the requirements set forth for all motor vehicles;

l.    In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.    Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska. Thereby violating Neb. Rev. Stat. 28-306;

n.    Causing a fatality through the operation of a commercial motor vehicle. Thereby violating Neb. Rev. Stat. 60-4,168.

o.    Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.    Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.    Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

82.    As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.    the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.    the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.    The reasonable value of the (earning capacity, business or employment

opportunities the plaintiff is reasonable certain to lose in the future.

d.     The reasonable value of obtaining substitute domestic services;

e.     the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.     the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.     The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future (losses include lost time with parent(s), extracurricular, school, and other activities;

h.     the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.     Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

## NEGLIGENT ENTRUSTMENT
## SEVENTH CAUSE OF ACTION

83.   Plaintiff reaffirms the allegations set forth above;

84.   That on or about December 23, 2009 at the time of crash herein, Jwanna Gilzeane was engaged in negligent driving habits with all named defendants including but not limited to Ronald Gilzeane and Rongil Transportation, Freedom Funding and Leasing, Paramount Transportation, R & L Carriers, Greenwood Motor Lines, R & L Transfer

85.   Jwanna Gilzeane had inadequate training, experience, skill, and supervision to operate a commercial motor vehicle. The defendants permitted Jwanna Gilzeane to operate the commercial motor vehicle;

86.   Ms. Gilzeane's conduct in her method of operation of the commercial motor vehicle was so lacking that the defendants either knew, or in the exercise of reasonable care should have known that Jwanna Gilzeane was so inexperienced, incompetent, reckless, and

lacked training and supervision to drive a commercial motor vehicle;

87.  That Jwanna Gilzeane was negligent as set forth herein;

88.  That the defendants herein including but not limited to Rongil Transportation, Freedom Funding and Leasing, Inc., Paramount Transportation, R & L Carriers, Greenwood Motor Lines, R & L Transfer, operated through multiple shell corporations in an effort to shield themselves from liability for their driver(s), including Jwanna Gilzeane, and to shield themselves from the reporting requirements of the Federal Motor Carrier act;

89.  The sole, direct, and proximate cause of the crash and resulting injuries was the negligence of Jwanna Y. Gilzeane in operation of the 2005 Volvo Semi-Tractor (and trailer) the semi-tractor being owned by Freedom Funding and Leasing, Inc., leased to Ronald Gilzeane and Rongil Transportation, and driven by Jwanna Gilzeane whose negligence is imputed to all defendants. Defendant Jwanna Gilzeane in the following particulars is imputed to the aforementioned defendants:

  a.  In failing to keep a proper lookout for other vehicles traveling on Interstate 80;

  b.  In failing to have the semi-tractor and trailer being operated by her under proper and reasonable control;

  c.  Driving too fast for the conditions then and there existing. Thereby violating Neb. Rev. Stat. 60-6,185;

  d.  Careless driving; Thereby violating Neb. Rev. Stat. 60-6,212.

  e.  Reckless driving. Thereby violating Neb. Rev. Stat. 60-6,213;

  f.  In failing to apply the brakes to the truck tractor and trailer in such a time and manner to avoid the collision with the decedent;

  g.  In failing to yield the right-of-way and drive on the right half of the roadway. Thereby violating including but not limited to Neb. Rev. Stat. 60-655;

  h.  In driving in the median. Thereby violating Neb. Rev. Stat. 60-6,141.

  i.  Driving the wrong way in the eastbound lanes of traffic;

  j.  In operating a vehicle which was not in a safe condition or adequate state of repairs;

  k.  In failing to comply with the requirements set forth for all motor vehicles;

l.   In failing to comply with the requirements set forth for commercial motor vehicles and commercial driver's license holders, including but not limited to Neb. Rev. Stat. 76-363;

m.   Causing the death of another while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska. Thereby violating Neb. Rev. Stat. 28-306;

n.   Causing a fatality through the operation of a commercial motor vehicle. Thereby violating Neb. Rev. Stat. 60-4,168.

o.   Ronald Gilzeane and Jwanna Gilzeane by knowingly permitting the operation of the Volvo Semi-Tractor and Trailer in a manner contrary to the Nebraska Rules of the Road. Thereby violating Neb. Rev. Stat. 60-690 and 60-6,116.

p.   Following too closely thereby violating Neb. Rev. Stat. 60-6,140;

q.   Violating Federal Motor Carrier Safety regulations as adopted by Neb. Rev. Stat. 75-363, the Nebraska Commercial Driver's License Manual, the Georgia Commercial Driver's Manual, and other applicable statutes and regulations related to commercial motor vehicles;

90.   As a proximate result of the aforesaid negligent acts of omission and commission by all of the above-named defendants: the plaintiff sustained the following injuries and damages for which each defendant is jointly and severally liable:

a.   the reasonable value of medical (hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future. Past, present and future medical costs;

b.   the wages, salary, profits, reasonable value of the working time, business the plaintiff has lost because of his inability and diminished capacity to work;

c.   The reasonable value of the (earning capacity, business or employment opportunities the plaintiff is reasonable certain to lose in the future.

d.   The reasonable value of obtaining substitute domestic services;

e.    the reasonable monetary value of the physical pain and mental suffering and emotional distress the plaintiff has experienced and is reasonably certain to experience in the future;

f.    the reasonable monetary value of the inconvenience the plaintiff has experienced and is reasonably certain to experience in the future;

g.    The reasonable monetary value of loss of society and companionship suffered by the plaintiff and reasonably certain to be suffered in the future (losses include lost time with parent(s), extracurricular, school, and other activities;

h.    the reasonable monetary value of any humiliation the plaintiff has experienced and is reasonably certain to experience in the future;

i.    Such general and further damages as allowed by law and are just and equitable, costs of this action and attorneys fees as allowed by law;

FOR EACH CAUSE OF ACTION, THE PLAINTIFF requests damages in excess of from each defendant, jointly and severally, special damages, general damages as are allowed by law, costs of this action, attorneys' fees, pre and post judgment interest, punitive damages, and for such other and further relief as is just and proper.  Plaintiff requests a jury trial on each cause of action.

DATED December 17, 2013.

ANDREW VANDERVEEN, plaintiff

*/s sterling t. huff*

ATTORNEY FOR PLAINTIFF,
Sterling T. Huff, NSBA #21732
Island, Huff, & Nichols,
Attorneys at Law, P.C., L.L.O.
1428 10th Street
Gering, NE 69341
(308) 635-4900
Fax: (308) 635-4949

Image ID:
D00053541D21                    **SUMMONS**                    Doc. No.    53541

IN THE DISTRICT COURT OF Scotts Bluff COUNTY, NEBRASKA
Scotts Bluff County Courthouse
P.O. Box 47
Gering            NE 69341 0047

Andrew Vanderveen v. Jwanna Y Gilzeane,et al

Case ID: CI 13    814

TO:  Greenwood Motor Lines,Inc

You have been sued by the following plaintiff(s):

Andrew Vanderveen

Plaintiff's Attorney:    Sterling T Huff
Address:                 1428 10th Street
                         Gering, NE 69341

Telephone:               (308) 635-4900

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  DECEMBER 18, 2013    BY THE COURT:    *Ann Rosenberry*    SEAL

                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Greenwood Motor Lines,Inc
        %CT Corporation System,Reg Agent
        Two Office Park Court,Suite 103
        Columbia, SC 29223

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

 **CT Corporation**

**Service of Process
Transmittal**
12/23/2013
CT Log Number 524104248

**TO:**  Teresa Reed
R & L Carriers Shared Services, L.L.C.
600 Gillam Road
Wilmington, OH 45177-0271

**RE:**  **Process Served in South Carolina**

**FOR:**  Greenwood Motor Lines, Inc. (Domestic State: SC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Andrew Vanderveen, Pltf. vs. Jwanna Y. Gilzeane, et al. including Greenwood Motor Lines, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Request for Jury Trial |
| **COURT/AGENCY:** | Scotts Bluff County: District Court, NE Case # CI13814 |
| **NATURE OF ACTION:** | Plaintiff files compliant for negligent entrustment and intentional infliction of emotional distress committed by the defendant |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/23/2013 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of the complaint/petition |
| **ATTORNEY(S) / SENDER(S):** | Sterling T. Huff Island, Huff, & Nichols 1428 10th Street Gering, NE 69341 308-635-4900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/23/2013, Expected Purge Date: 12/28/2013 Image SOP Email Notification, Jeff Wade jwade@rlcarriers.com Email Notification, Teresa Reed teresa.reed@rlcarriers.com Email Notification, Dan Brake dbrake@rlcarriers.com Email Notification, Cynthia Henry chenry@rlcarriers.com |
| **SIGNED:** **PER:** **ADDRESS:** | CT Corporation System Amy McLaren 2 Office Park Court Suite 103 Columbia, SC 29223 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



71791000164920753059

Greenwood Motor Lines, Inc.
c/o CT Corportion System, Reg Agent
Two Office Park Court, Suite 103
Columbia, SC 29223

erling T. Huff
land & Huff
torneys at Law, PC, LLO
28 10th Street
aring, NE 69341

www.printcertifiedmail.com